**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BLANCA GALVAN, an individual,

Plaintiff,

v.

NASSCO HOLDINGS, INC., et al.,

Defendants.

Case No. 14-cv-862 BAS (JLB)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF 5)**

On April 10, 2014, Defendants National Steel and Shipbuilding Company (now replaced by NASSCO Holdings, Inc.) removed this matter from California state court to the U.S. District Court for the Southern District of California. ECF 1.Consequently, Plaintiff Blanca Galvan moved to remand the matter back to state court. ECF 5. For the following reasons, the Court **GRANTS** Galvan's motion.

**PROCEDURAL AND FACTUAL BACKGROUND**

In her Complaint, Galvan alleges she was sexually harassed during her employment as a welder at the National Steel and Shipbuilding Company ("NASSCO"). Compl. ¶¶ 20, 26. She claims her supervisor, Defendant Mirsad Velic, coerced her into repeatedly performing sexual acts with him. *Id.* at ¶¶ 23–

36. She was then transferred to a new supervisor, Defendant Jonathan Jones, who allegedly made lewd and graphic gestures towards her at work and expressed his desire to have sex with her. *Id.* at ¶¶ 37–41. Additionally, Defendant Guillermo Jimenez called her into his office and allegedly sexually assaulted her and told her to become a prostitute. *Id.* at ¶¶ 42. As a result of her refusal to accept these advances, she was allegedly retaliated against in both job placement and evaluations. *Id.* at ¶¶ 43–71. She also claims the retaliation increased after she filed a charge with the Equal Employment Opportunity Commission. *Id.*at ¶¶ 73.

In her state court Complaint, Galvan alleges four causes of action under California Government Code § 12940 for sexual harassment, retaliation, failure to prevent harassment, and gender discrimination. Additionally, she claims negligent supervision and failure to pay overtime wages against NASSCO Holdings and intentional infliction of emotional distress against all defendants.

Defendants removed the case to federal court, and Galvan moved to remand it. Defendants argue that Galvan's state law claims are preempted by Section 301 of the Labor Relations Management Act ("LMRA").

**DISCUSSION**

A party may remove a suit to federal court only if it could have been brought there initially. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). If an area of state law is completely preempted, the suit is characterized as arising from federal law and is therefore removable. *Caterpiller, Inc.*, 482 U.S. at 393. Section 301 of the LRMA provides federal courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Such suits invoke complete preemption and are removable. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983). Section 301 preemption "must be construed to cover most state-law actions that require interpretation of labor agreements." *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir.

2000) (internal quotation marks omitted).

"However, 'not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law.' *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). '[T]he Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to "look at" the agreement.' *Balcorta*, 208 F.3d at 1108. And the Ninth Circuit 'ha[s] stressed that, in the context of § 301 complete preemption, the term "interpret" is defined narrowly—it means something more than "consider," "refer to," or "apply." ' *Id.* Moreover, 'the mere fact that a broad contractual protection ... provide[s] a remedy for conduct that coincidentally violates state-law does not make the existence or the contours of the state law violation dependent upon the terms of the private contract.' *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412–13 (1988). '[W]here a plaintiff contends that an employer's actions violated a state-law obligation, wholly independent of its obligations under the CBA, there is no preemption.' *Espinal v. Nw. Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996)." *Williams v. Centerplate, Inc.*, 14-CV-02967-VC, 2014 WL 4748320 (N.D. Cal. Sept. 24, 2014). Most importantly, the Ninth Circuit has found California Government Code § 12940 *et seq.* not preempted by § 301. *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 240 (9th Cir. 1990); *Kirton v. Summit Med. Ctr.*, 982 F. Supp. 1381, 1389 (N.D. Cal. 1997).

In this case, Galvan claims the defendants sexually harassed her, retaliated against her, and that her employer failed to pay her overtime wages. While some of these allegations could be stated as breaches of her Collective Bargaining Agreement, they are based on "nonnegotiable rights conferred on individual employees as a matter of state law, ... independent of rights under the collective-bargaining agreement." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (internal quotations omitted) (as quoted by *Williams*, 2014 WL 4748320).

Galvan's cause of action for intentional infliction of emotional distress is likewise not preempted. The defendants cite to no provision of the CBA which speaks to the reasonableness of requiring an employee to sexually service her supervisors or suggest she become a prostitute. Although Galvan alleges other wrongful conduct, these speak to the retaliation claim and not to the intentional infliction of emotional distress.

Accordingly, Galvan's motion to remand is **GRANTED**. This matter is **REMANDED** to the Superior Court of California, San Diego County for further adjudication.

**IT IS SO ORDERED.**

**DATED: October 3, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**